# Knecht *versus* Freyman.

In an action to recover damages for breach of warranty of a horse, the plaintiff laid the damages in his *narr.* at $1000. The evidence showed that the price paid for the horse was $150, and that subsequently in his diseased condition he was worth from $30 to $75. The verdict was for plaintiff for $123.02. On the ground that this sum was made up of a principal of $99.57, and interest from the time of the alleged breach of contract, the defendant took a rule to show cause why judgment should not be entered upon the verdict *without costs,* for the reason that plaintiff, as required by the Act of March 20th 1810, had not filed an affidavit that he believed the damages exceeded $100, and was not therefore entitled to costs: *Held,* reversing the court below, that he was entitled to costs.

March 4th 1878.   Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and TRUNKEY, JJ.   WOODWARD, J., absent.

Error to the Court of Common Pleas of *Lehigh county:* Of January Term 1878, No. 21.

Assumpsit, by Stephen Knecht, against John Freyman, to recover damages for breach of warranty of a horse.   Defendant pleaded the general issue.   The facts are sufficiently stated in the foregoing syllabus and in the opinion of this court.

*Butz & Schwartz* and *John D. Stiles,* for plaintiff in error.

*Edwin Albright* and *Evan Holben,* for defendant in error.

[Knecht *v.* Freyman.]

Mr. Justice SHARSWOOD delivered the opinion of the court, March 18th 1878.

The Act of March 20th 1810, certainly meant to provide, that any plaintiff who should sue in court for any debt or debts, demand or demands, made cognisable before a justice, should be deprived of costs, unless he filed an affidavit that he did truly believe that the debt due or damages sustained exceeded the sum of one hundred dollars. If the verdict of the jury is for less than one hundred dollars, the loss of costs must follow, unless indeed it appears that the amount was reduced by set-off or equitable defence. Here the verdict of the jury was for more than one hundred dollars. The learned judge below, however, thought that as it appeared that interest added to a principal of $99.57, from the day of the commencement of the suit to the day of the verdict, produced just the amount of the verdict, it was clear that the plaintiff's demand was within the jurisdiction of a justice. In the case of an action for a sum certain—as on a promissory note, bond, or book account—this may be right. Collins *v.* Collins, 1 Wright 387, was a question of the jurisdiction of a justice, raised upon an appeal, and there it was said by WOODWARD, J., " The sum demanded" is the test of jurisdiction. To get at that, we look at the transcript of the justice and the *narr.*, on the appeal, and the practice is to receive parol testimony, also, and from all these sources to determine the jurisdiction by the matter of fact." See, also, Funk *v.* Ely, 2 P. F. Smith 442. More analogous to our question is Haines *v.* Moorehead, 2 Barr 65, in which it was held, that a plaintiff who appealed from an award in his favor and recovered more than the sum awarded to him, but less than such amount with interest added for the intermediate term, was entitled to full costs. " The only practical criterion," says the court, " is the difference of amount; and we cannot enter into an examination of the cause by which it was produced." So, Barker *v.* McCreary, 16 P. F. Smith 162, where a plaintiff appealed from a judgment of a justice in his favor, for $46.62, and two years after obtained a verdict for $50, it was decided that he was entitled to costs. See, also, McMaster *v.* Rupp, 10 Harris 298. But the case now before us was an action to recover damages for breach of the warranty of a horse. The measure, in such cases, is well settled to be the difference between what would have been the market value of the animal as warranted and its market value in its actual condition. The jury may add interest from the breach, but they are not bound to do so. It would lead to embarrassing inquiries to ascertain what they had done. We think it better, in such cases, to adhere to the plain words of the statute.

Judgment reversed, and now judgment for plaintiff below, with costs.